ORAL ARGUMENT NOT YET SCHEDULED

No. 26-1054

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

ROBERT LEVINE,

*Petitioner*,

v.

FEDERAL AVIATION ADMINISTRATION,

*Respondent.*

_____

On Petition for Judicial Review Pursuant to 49 U.S.C. § 46110(a)

_____

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
PETITIONER'S OPENING BRIEF**

For the reasons set forth herein, Petitioner respectfully moves for

a 30-day extension of time to file his opening brief—currently due on

June 30, 2026—to and including July 30, 2026.  Respondent does not

oppose the relief sought by this motion.

1.     On March 16, 2026, Petitioner Robert Levine filed a petition

for review in this action challenging the Temporary Flight Restriction

noticed by Respondent, the Federal Aviation Administration, in Notice to Airmen No. 6/4376 (the "NOTAM").

2.      On May 18, 2026, Respondent filed the Certified Index of Record in this action.  That filing explained that "respondent intends to file a declaration to further explain the challenged NOTAM."  Resp't's Notice of Filing the Certified Index of Record at 1 (citing *Rhea Lana, Inc. v. United States*, 925 F.3d 521, 524–5 (D.C. Cir. 2019)).

3.      Counsel for Respondent has informed counsel for Petitioner that Respondent anticipates finalizing the referenced declaration no later than the end of June.

4.      Under the current briefing schedule, Petitioner's opening brief is due June 30, 2026; Respondent's answering brief is due July 30, 2026; and Petitioner's reply brief is due August 20, 2026.

5.      Petitioner respectfully submits that a 30-day extension of time to file Petitioner's opening brief, to and including July 30, 2026, will conserve the resources of the Court and the parties by permitting Petitioner to address the relevance of Respondent's forthcoming declaration in Petitioner's opening brief.

6. Petitioner anticipates that the parties will dispute both the substance of the explanation offered by Respondent's forthcoming declaration and whether the explanation offered is properly before the Court under *SEC v. Chenery Corp.*, 318 U.S. 80 (1943).

7. Given Respondent's anticipated timeline for finalizing the declaration, absent an extension, Petitioner may be unable to address the agency's principal explanation for the challenged action for the first time until his reply brief, undermining the orderly presentation to the Court of the parties' arguments on the merits.

8. Because oral argument is not yet scheduled in this matter, Petitioner's requested extension would not affect the oral argument schedule, and Petitioner respectfully submits that no party would be prejudiced by the requested extension. Respondent does not oppose the relief sought by this motion.

9. This is Petitioner's first request for an extension of time to file a brief or pleading in this matter. Pursuant to D.C. Circuit Rule 28(e)(2), this relief is sought more than 7 days before the deadline to file Petitioner's opening brief.

# CONCLUSION

For the reasons given herein, Petitioner respectfully requests a 30-day extension of time, to and including July 30, 2026, to file his opening brief.

Dated: June 8, 2026

/s/ Grayson Clary
Grayson Clary
  *Counsel of Record*
Adam A. Marshall
Renee Griffin
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 2000
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Unopposed Motion for Extension of Time to File Petitioner's Opening Brief complies with Circuit Rule 27(a)(2) and Federal Rule of Appellate Procedure 27(d)(1)–(2) because it contains 433 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f)( and Circuit Rule 32(e)(1), and it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: June 8, 2026                     /s/ Grayson Clary
                                        Grayson Clary
                                        *Counsel of Record*
                                         *For Petitioner*